UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Greenline CDF Subfund XVIII LLC

   v.                                         Civil No. 20-cv-707-JD
                                                   Opinion No. 2020 DNH 204

CSC Group Holdings, LLC

O R D E R

Greenline CDF Subfund XVIII LLC alleges a claim of breach of guaranty against CSC Group Holdings, LLC that arose when Berlin Station, LLC defaulted on its loan obligations that were allegedly guaranteed by CSC Group Holdings, LLC, and CSC allegedly defaulted on its guaranty obligations.  In bringing suit in federal court, Greenline asserted subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  An issue has arisen about the citizenship of CSC, and Greenline moves to compel CSC to file an affidavit that identifies the citizenship of its members or to answer an interrogatory for the same purpose.

Standard of Review

For subject matter jurisdiction based on diversity of citizenship to exist, the suit must be between citizens of different states.  § 1332(a)(1).  An individual is a citizen of the state in which he is domiciled, meaning "the place where he

has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Aponte-Davila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016). A corporation is a citizen of the state where it is incorporated and of the state where it maintains its principal place of business. § 1332(c)(1). A limited liability company is a citizen of every state of which its members are citizens. D. B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011).

The party asserting jurisdiction bears the burden of showing that it exists.[1] Aponte-Davila, 828 F.3d at 46. A variety of factors are relevant to determining an individual's domicile, including the party's "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; and payment of taxes." Id. None of the factors are dispositive and instead a determination

---

[1] In addition, before this case can proceed, the court must confirm that subject matter jurisdiction exists. United States ex rel. Willette v. Univ. of Mass., 812 F.3d 35, 44 (1st Cir. 2016).

of domicile depends on both the number of contacts with a state and the substantive nature of the contacts.  Id. at 47.

## Background

Greenline alleges that it is a Delaware limited liability company with two members:  Berlin Biopower Investment Fund 2, LLC and Greenline Community Development Fund, LLC.  Greenline alleges that its member LLCS are citizens of Colorado, Florida, Minnesota, and Washington, D.C., for purposes § 1332.  Greenline alleges that CSC's only member is an individual who is domiciled in New Hampshire.

## Discussion

In the motion, Greenline states that the jurisdiction issue arose when CSC denied knowledge of the jurisdictional allegations in the complaint.  In a subsequent communication, counsel for CSC suggested that diversity may be lacking.  Greenline then attempted to have CSC confirm the citizenship of its members but is not satisfied with CSC's response.  Greenline asks that CSC be ordered to file an affidavit that identifies its members and their states of citizenship within ten days or that it be allowed to propound an interrogatory that seeks the same information within the same time.

CSC represents that it has provided all the information it has that is relevant to the citizenship of its members. CSC states that it cannot certify under oath the citizenship of its members because it does not have the necessary information, including where each member may intend to reside. CSC represents that it has approximately eighty members, that it has a mailing address list for purpose of communicating with its members, and that the list includes addresses in Florida, Colorado, and the District of Columbia, where members of Greenline are also citizens. CSC represents that it has provided the address list to Greenline.

The information provided by CSC apparently includes cities, states, and zip codes for its eighty investors but does not include the investors' names or information about whether the investors are individuals or entities that may also have members. Greenline contends that the information provided is insufficient and seeks an order requiring CSC to identify its members citizenship through an affidavit or an answer to an interrogatory.

Greenline cites D. B. Zwirn, 661 F.3d at 127, in support of an order requiring CSC to submit an affidavit identifying the citizenship of its members. In D. B. Zwirn, however, the court ordered the plaintiff "to file an affidavit of jurisdictional facts describing the identities and place of citizenship of each

4

and all of the members."[2]  661 F.3d at 127 (emphasis added).  As such, D. B. Zwirn demonstrates that a court has the authority to order a party to provide jurisdictional information.[3]  It is not authority to require a party to state under oath the citizenship of its members.

As is provided above, citizenship for purposes of § 1332 is based on a party's domicile, which presents a mixed question of law and fact for the court to determine.  Aponte-Davila, 828 F.3d at 46.  In making that determination, a court considers a multitude of factors as are listed above.  Id.  The court may rely on a paper record or may hold an evidentiary hearing.  Id.; Winstein-Bacal v. Wendt-Hughes, 2011 WL 1259831, at *4 (D.P.R. Mar. 30, 2011).  Greenline bears the burden of showing that diversity of citizenship exists.

---

[2] In referring to its prior order, the court summarized the order as requiring the plaintiff to identify the citizenship of each of its members.  Nevertheless, the order required facts to describe the members' citizenship.  The court also allowed the defendant to file a response to notify the court whether he contested the plaintiff's affidavit.

[3] The cases from other jurisdictions that Greenline cites are not to the contrary.  See also, e.g., Mithril GP Employee Feeder LLC v. McKellar, 2020 WL 3206555, at *2 (D. Del. June 15, 2020); MidCap Media Fin., LLC v. Pathway Data, Inc., 2019 WL 6699789, at *2 (Dec. 9, 2019); Clark v. SL Western Lounge, LLC, 2018 WL 6246885 (E.D. Mo. Nov. 29, 2018).  Although additional cases cited in Greenline's reply use the short cut terminology of an affidavit to confirm the citizenship of an LLC's members, those cases are better understood to seek facts on which to determine citizenship.

Instead of seeking facts that describe CSC's members' citizenship, Greenline proposes that the court order CSC to make a legal determination as to the citizenship of its members and to represent the citizenship of each under oath.  Alternatively, Greenline may be seeking an order to require an admission from CSC under Federal Rule of Civil Procedure 36 rather than fact discovery.  In any case, Greenline does not appear to be making appropriate requests for jurisdictional information from CSC.

Nevertheless, the case cannot proceed in the absence of subject matter jurisdiction.  Because CSC has represented that at least three of its members have mailing addresses in states where Greenline's members are alleged to be citizens, information about the citizenship of those members is an appropriate starting point.  CSC shall provide the identities of its members, if any, who live in Florida, Minnesota, Colorado, and/or Washington, D.C., with their addresses and their status as individuals or entities (such as, corporations, partnerships, or limited liability companies).

If any member is a corporation, CSC shall include the state of incorporation and the principal place of business.  If the members are individuals, CSC shall include sufficient information to make a determination of citizenship.  If a member or members are partnerships or limited liability companies, CSC shall provide a list of the component members, identifying each

6

member's status and component members if applicable, with addresses.  As is noted above, the case cannot proceed beyond this preliminary stage unless and until the court determines that subject matter jurisdiction exists.

## Conclusion

For the foregoing reasons, the plaintiff's motion for an order directing the defendant to identify its citizenship in an affidavit or in response to an interrogatory (document no. 14) is granted in part, as is provided below, and is otherwise denied.

Counsel for the defendant shall file a report, either in the form of an affidavit or as a representation to the court under Federal Rule of Civil Procedure 11, **on or before December 13, 2020,** that provides jurisdictional facts about members of CSC Group Holdings, LLC, who have addresses in Florida, Minnesota, Colorado, and/or Washington, D.C.

Based on the information provided, the plaintiff shall voluntarily dismiss the case without prejudice for lack of subject matter jurisdiction, file a memorandum to show that complete diversity exists to support subject matter jurisdiction under § 1332, or file a motion for additional jurisdictional information, if necessary.  That filing shall be made within

**fourteen days** after the defendant files the ordered jurisdictional information.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 24, 2020

cc:  Counsel of record.